## IN THE CIRCUIT COURT FOR CECIL COUNTY, MARYLAND

| | |
|---|---|
| LAURA HOLMAN <br> 48 Monument Walk, #6D <br> Brooklyn, New York 11205 | * <br> * <br> * |
| Plaintiff | * |
| vs. | *   CASE NO.: C-07-CV-20-000393 |
| GREYHOUND LINES, INC. <br> 350 North Saint Paul Street <br> Dallas, Texas 75201 <br> <u>Serve On</u>: <br> Resident Agent: The Corporation Trust, Inc. <br> 2405 York Road, Suite 201 <br> Lutherville, Maryland 21093-2264; and | * <br> * <br> * <br> * |
| JUST ON TIME FREIGHT SYSTEM, INC. <br> 80 Summerlea Road <br> Brampton, ON LGT 4X3 <br> <u>Serve On</u>:  Matthew Johnson, Esq. <br> 1233 20th Street, NW, 8th Floor <br> Washington, D.C. 20036 | * <br> * <br> * <br> * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Laura Holman, by and through counsel, Alan J. Mensh, and Ashcraft & Gerel, LLP, and sues and states a cause of action at law for civil damages against the Defendants, Greyhound Lines, Inc. (hereinafter known as "Greyhound") and Just On Time Freight System, Inc. (hereinafter known as "Just On Time"), for cause as follows:

### PARTIES and JURISDICTION

1.   All conditions precedent for the maintenance of this suit have been complied with pursuant to Maryland law.

Exhibit 2

2. The Plaintiff, Laura Holman, at all pertinent times has been a citizen of the State of New York and resides in Brooklyn, New York.

3. The Defendant, "Greyhound" is a corporation with its principal office located at 350 North Saint Paul Street, Dallas, Texas 75201, and is engaged in the business of being a public carrier with an office and facilities located in the State of Maryland at 2110 Haines Street, Baltimore, Maryland 21230.

4. The Defendant, "Just On Time" is a corporation conducting freight and transportation business, with its principal office located at 80 Summerlea Road, Brampton, ON. The Defendant "Just On Time" as a truck freight carrier is engaged in business throughout the State of Maryland by utilizing the Interstate 95 and other highways on a constant or frequent basis by transporting freight or cargo throughout the State of Maryland.

5. The Circuit Court of Cecil County has jurisdiction and venue is proper pursuant to Maryland Code Annotated, Courts and Judicial Proceedings Article, §6-201, in that all of the pertinent facts described below transpired in Cecil County, Maryland.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff incorporates by reference allegations 1 through 5 herein.

7. That on or about May 23, 2019 at approximately 3:35 p.m., the Plaintiff was a passenger on a Greyhound bus, Registration Number K021109, which is a public carrier, and was traveling on the Interstate 95 southbound at or near Mile Marker 101, in Cecil County, Maryland.

8. This bus was at the time being operated by the driver, Shawn M. Legare, and was traveling in the left lane, lane number three (3), at a high rate of speed and above the posted speed limit.

9. That at the same time and location, an eighteen (18) wheel tractor trailer owned and/or operated by the Defendant, Just On Time Freight System, Inc., was traveling in lane two (2), and attempted, without proper warning, to make an unsafe and illegal lane change from lane two (2) to lane three (3).

10. The driver of the Greyhound bus then swerved his vehicle sharply to the left leaving the roadway in order to avoid any or a further collision. The sudden braking and swerving of the passenger bus caused many passengers, including the Plaintiff, to be forcefully thrown or propelled from their seats unto the ground and/or striking the interior portions of the bus with great force.

11. The Plaintiff as a result of being thrown from her seat on the bus sustained injuries to her bead, back, knee and shoulder.

## COUNT I
### (Negligence vs. "Greyhound")

12. Plaintiff incorporates by reference allegations 1 through 11 herein.

13. Defendant "Greyhound" is vicariously liable for the negligent acts of its agents, servants, and/or employees, while such individual is acting within the course and scope of that employment.

14. As alleged herein, at all times relevant to this matter, the driver of the vehicle was acting as an agent, servant or employee of "Greyhound", and their actions were within the scope of such employment.

15. The Defendant's agents, servants, and/or employees had a duty to operate the vehicle in a safe and prudent manner, pay full attention, to keep their vehicle under control at all times, to maintain a constant lookout on the roadway, to use proper braking and steering

3

techniques, to act with reasonable care under the circumstances, and to obey all traffic laws and regulations in effect in the State of Maryland, especially due to the fact they were a public carrier of passengers.

16. That the said collision was directly and proximately caused by and did result from the recklessness, carelessness and negligence of Defendant's agent, servant, and/or employee, including, but not limited to, the following respects:

a. failed to give full time and attention;

b. inattentive or lost in thought;

c. in failing to safely change lanes of travel;

d. in traveling too fast for conditions;

e. in failing to keep said motor vehicle under proper and sufficient control;

f. in failing to keep a proper lookout;

g. in failing to exercise ordinary care to avoid a collision, or a near collision;

h. in operating a vehicle in a reckless and careless manner;

i. in failing to travel within a single lane;

j. and in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial.

17. As a direct and proximate result of the negligence of the Defendant "Greyhound", the Plaintiff, Laura Holman, without any negligence contributing thereto, suffered severe bodily injuries which caused her and will continue to cause her severe pain, suffering, emotional distress and possibly disability and impairment.

18. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has incurred and may continue to incur in the future, sums of money for medical care, attention and other expenses.

19. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Laura Holman, has lost, and will lose in the future, employment, wages, health insurance, and sustained economic and noneconomic damages.

20. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Laura Holman, has been, and in the future will be, precluded by her injuries from carrying out her normal daily activities, household services and has incurred losses both past, present and prospective.

WHEREFORE, the Plaintiff, Laura Holman, prays for judgment jointly and severely against the Defendant, Greyhound Lines, Inc., for damages in the amount of greater than SEVENTY-FIVE THOUSAND Dollars ($75,000.00), plus interest and the costs of this suit, and such other relief as this forum may deem just and proper.

## COUNT II
### (Negligence vs. "Just On Time")

21. Plaintiff incorporates by reference allegations 1 through 20 herein.

22. Defendant "Just On Time" is vicariously liable for the negligent acts of its agents, servants, and/or employees, while such individual is acting within the course and scope of that employment.

23. As alleged herein, at all times relevant to this matter, the driver of the vehicle was acting as an agent, servant or employee of "Just On Time", and their actions were within the scope of such employment.

24. The Defendant's agents, servants, and/or employees had a duty to operate the vehicle in a safe and prudent manner, pay full attention, to keep their vehicle under control at all times, to maintain a constant lookout on the roadway, to use proper braking and steering techniques, to act with reasonable care under the circumstances, and to obey all traffic laws and regulations in effect in the State of Maryland.

25. That the said collision was directly and proximately caused by and did result from the recklessness, carelessness and negligence of Defendant's agent, servant, and/or employee, including, but not limited to, the following respects:

a. failed to give full time and attention;

b. inattentive or lost in thought;

c. in failing to safely change lanes of travel;

d. in traveling too fast for conditions;

e. in failing to keep said motor vehicle under proper and sufficient control;

f. in failing to keep a proper lookout;

g. in failing to exercise ordinary care to avoid a collision;

h. in operating a vehicle in a reckless and careless manner;

i. in failing to travel within a single lane;

j. and in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial.

26. As a direct and proximate result of the negligence of the Defendant "Just On Time", the Plaintiff, Laura Holman, without any negligence contributing thereto, suffered severe bodily injuries which caused her and will continue to cause her severe pain, suffering, emotional distress and possibly disability and impairment.

27. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has incurred and may continue to incur in the future, sums of money for medical care, attention and other expenses.

28. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Laura Holman, has lost, and will lose in the future, employment, wages, health benefits and sustained economic and noneconomic damages.

29. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Laura Holman, has been, and in the future will be, precluded by her injuries from carrying out her normal daily activities, household services and has incurred losses both past, present and prospective.

WHEREFORE, the Plaintiff, Laura Holman, prays for judgment jointly and severely against the Defendant, Just On Time Freight System, Inc., for damages in the amount of greater than SEVENTY-FIVE THOUSAND Dollars ($75,000.00), plus interest and the costs of this suit, and such other relief as this forum may deem just and proper.

Respectfully submitted,

ASHCRAFT & GEREL, LLP

*/s/ Alan J. Mensh*
Alan J. Mensh
CPF ID# 9212160224
120 East Baltimore Street, Suite 1802
Baltimore, Maryland 21202
Telephone: (410) 385-3280
Fax: (410) 547-1261
amensh@ashcraftlaw.com

*/s/ Stephen M. Gensemer*
Stephen M. Gensemer
CPF ID# 0406150112
Ashcraft & Gerel, LLP
8403 Colesville Road, Suite 1250
Silver Spring, Maryland 20910
Telephone: (301) 918-9391
Fax: (301) 881-6132
sgensemer@ashcraftlaw.com

*Attorneys for Plaintiff*

## IN THE CIRCUIT COURT FOR CECIL COUNTY, MARYLAND

| | | |
|---|---|---|
| LAURA HOLMAN<br>48 Monument Walk, #6D<br>Brooklyn, New York 11205 | * | |
| | * | |
| Plaintiff | * | |
| vs. | * | CASE NO.: |
| GREYHOUND LINES, INC.<br>350 North Saint Paul Street<br>Dallas, Texas 75201<br><u>Serve On</u>:<br>Resident Agent: The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville, Maryland 21093-2264; and | * | |
| JUST ON TIME FREIGHT SYSTEM, INC.<br>80 Summerlea Road<br>Brampton, ON LGT 4X3<br><u>Serve On</u>: Matthew Johnson, Esq.<br>1233 20th Street, NW, 8th Floor<br>Washington, D.C. 20036 | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ELECTION OF JURY TRIAL

The Plaintiff, Laura Holman, hereby elects to have any and all issues in this matter decided by a jury.

<u>/s/ Alan J. Mensh</u><br>
Alan J. Mensh<br>
CPF ID# 9212160224<br>
120 East Baltimore Street, Suite 1802<br>
Baltimore, Maryland 21202<br>
Telephone: (410) 385-3280<br>
Fax: (410) 547-1261<br>
amensh@ashcraftlaw.com

*/s/ Stephen M. Gensemer*
Stephen M. Gensemer
CPF ID# 0406150112
Ashcraft & Gerel, LLP
8403 Colesville Road, Suite 1250
Silver Spring, Maryland 20910
Telephone: (301) 918-9391
Fax: (301) 881-6132
sgensemer@ashcraftlaw.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR **Cecil County**
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF  ☐DEFENDANT    CASE NUMBER **C-07-CV-20-000393**
(Clerk to insert)

**CASE NAME:** Laura Holman vs. Greyhound Lines, Inc., et al.
           Plaintiff                          Defendant

**PARTY'S NAME:** _____ **PHONE:** _____
**PARTY'S ADDRESS:** _____
**PARTY'S E-MAIL:** _____

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** Alan J. Mensh Ashcraft & Gerel, LLP  **PHONE:** 410-385-3280
**PARTY'S ATTORNEY'S ADDRESS:** 120 East Baltimore Street, Suite 1802, Baltimore, MD 21202
**PARTY'S ATTORNEY'S E-MAIL:** amensh@ashcraftlaw.com

**JURY DEMAND?** ☒Yes ☐No
**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours **5** days

### PLEADING TYPE

**New Case:**   ☒ Original        ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: ____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000 |
| ☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____ |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation    ☒Yes  ☐No         C. Settlement Conference   ☒Yes  ☐No |
| B. Arbitration  ☐Yes  ☐No         D. Neutral Evaluation       ☐Yes  ☒No |

| SPECIAL REQUIREMENTS |
|---|
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |

| ESTIMATED LENGTH OF TRIAL |
|---|
| With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.          *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less      ☐ 3 days of trial time |
| ☐ 1 day of trial time           ☒ More than 3 days of trial time |
| ☐ 2 days of trial time |

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.* |
| ☐ **Expedited**- Trial within 7 months of Defendant's response       ☐ **Standard** - Trial within 18 months of Defendant's response |
| EMERGENCY RELIEF REQUESTED |

**COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

**CIRCUIT COURT FOR BALTIMORE COUNTY**

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| November 25, 2020 | /s/ Alan J. Mensh |
|---|---|
| Date | Signature of Counsel / Party |
| 120 East Baltimore Street, Suite 1802 | Alan J. Mensh |
| Address | Printed Name |
| Baltimore    MD    21202 | |
| City    State    Zip Code | |

CC-DCM-002 (Rev. 04/2017)    Page 3 of 3