IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND (BALTIMORE)

| | |
|---|---|
| LAURA HOLMAN, | ) |
|     Plaintiff, | ) |
| v. | ) |
| GREYHOUND LINES, INC., et al. | ) |
| | ) Civil Case No: 1:21-cv-00112-CCB |
| GREYHOUND LINES, INC. | ) |
|     Cross-Plaintiff/Defendant | ) |
| v. | ) |
| JUST ON TIME FREIGHT SYSTEM, INC. | ) |
|     Cross-Defendant/Defendant | ) |

**DEFENDANT/CROSS-DEFENDANT JUST ON TIME FREIGHT SYSTEM, INC.'S ANSWER AND GROUNDS OF DEFENSE TO DEFENDANT/CROSS-PLAINTIFF GREYHOUND LINES, INC.'S CROSS-CLAIM**

COMES NOW, Cross-Defendant Just On Time Freight System, Inc. (hereinafter "Cross-Defendant" or "Just On Time") by and through its attorneys, Kiernan Trebach LLP, Matthew M. Davey and Jeremy Huang, and in response to Cross-Plaintiff Greyhound Lines, Inc.'s Cross Claim states as follows:

**ANSWERS BY PARAGRAPH**

In response to the numbered Paragraphs presented in the Cross Claim, Just On Time states as follows:

1. The allegations in Paragraph 1 concern Plaintiff's allegations in her Complaint and are not directed toward Just On Time and no response is necessary. To the extent a response

is deemed necessary, Just On Time denies the allegations contained in Paragraph 1 of the Cross-Claim.

    2.      The allegations in Paragraph 2 concern Plaintiff's allegations in her Complaint and are not directed toward Just On Time and no response is necessary. To the extent a response is deemed necessary, Just On Time denies the allegations contained in Paragraph 2 of the Cross-Claim.

    3.      Just On Time denies the allegations in Paragraph 3 and demands strict proof thereof.

    4.      The allegations in Paragraph 4 are not directed toward Just On Time and no response is necessary. To the extent a response is deemed necessary, Just On Time denies the allegations contained in Paragraph 4 of the Cross-Claim.

    5.      Just On Time denies the allegations in Paragraph 5 and demands strict proof thereof.

    6.      Just On Time denies the allegations in Paragraph 6 and demands strict proof thereof.

    7.      Just On Time denies the allegations in Paragraph 7 and demands strict proof thereof.

    8.      Just On Time denies the allegations in Paragraph 8 and demands strict proof thereof.

The allegations set forth in the last corresponding paragraph are Cross-Plaintiff's prayer for relief and/or explanatory statements of the pleader and therefore require no response. If a response is required, Just On Time denies the allegations as phrased and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Just On Time, by and through counsel, Kiernan Trebach LLP, assert the following affirmative defenses to Cross-Plaintiff's Cross-Claim:

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a viable claim for equitable indemnification.

### THIRD AFFIRMATIVE DEFENSE

Just On Time is not liable for contribution because it did not breach a duty to Plaintiff that was an actual and proximate cause of Plaintiff's alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused solely by the acts or omissions of other individuals or entities not under the supervision or control of Just On Time.

### FIFTH AFFIRMATIVE DEFENSE

That Cross-Plaintiff's claims may be barred by the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

That Cross-Plaintiff's claims may be barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

That the Cross-Plaintiff's claims may be barred by the doctrines of accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

That the damages allegedly sustained by Cross-Plaintiff may have been the result of acts or omissions of independent actors and/or party or parties over whom Just On Time had no control.

**NINTH AFFIRMATIVE DEFENSE**

That the claims asserted in the Cross-Claim may be barred by supervening and/or intervening causes, acts, omissions, and/or negligence of others, for which Just On Time must not be liable.

**TENTH AFFIRMATIVE DEFENSE**

That Just On Time was confronted with an emergency situation and acted reasonably under the circumstances, which acts as a bar to the claims of Cross-Plaintiff in its Cross-Claim.

**ELEVENTH AFFIRMATIVE DEFENSE**

Just On Time reserves the right to rely on any other defenses which may be revealed through discovery or at trial.

**TWELFTH AFFIRMATIVE DEFENSE**

Just On Time denies its actions and/or omissions were the direct and/or proximate cause of the Plaintiff's alleged in the Cross-Claim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

That Just On Time denies that Cross-Plaintiff is entitled to indemnification and/or contribution from Just On Time as alleged in the Cross-Claim.

**WHEREFORE**, having fully responded to the Cross-Claim, Just On Time prays that this Court will enter judgment in its favor, together with fees and costs and such further relief as may be deemed just and proper by this Court.

Dated: March 19, 2021          Respectfully submitted,

                                          */s/ Matthew M. Davey*
                                      Matthew M. Davey, Esq. (Bar No. #16282)
                                      Jeremy C. Huang, Esq. (Bar No. 18193)
                                      Kiernan Trebach LLP
                                      1233 20th Street, NW, Suite 800
                                      Washington, DC  20036
                                      (202) 712-7000 (Phone)
                                      (202) 712-7100 (facsimile)
                                      mdavey@kiernantrebach.com
                                      jhuang@kiernantrebach.com
                                      *Counsel for Defendant Just On Time Freight System, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing *Answer and Affirmative Defenses to Greyhound Lines, Inc.'s Cross-Claim* to be sent this 19th day of March, 2021,  via via the Court's electronic service system on the following:

Alan J. Mensh, Esq.
120 East Baltimore Street, Suite 1802
Baltimore, Maryland 21202
*Counsel for Plaintiff*

Marc S. Albert, Esq.
Law Offices of Marc S. Albert
32-72 Steinway Street
Astoria, New York 11103
*Counsel for Plaintiff*

Andrew T. Stephenson, Esq.
Scarlett M. Corso, Esq.
Franklin & Prokopik, P.C.
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
*Attorneys for Defendant Greyhound Lines, Inc.*

                                          */s/ Matthew M. Davey*
                                      Matthew M. Davey