IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAURA HOLMAN, | * |
| Plaintiff | * |
| v. | * |
| GREYHOUND LINES, INC., *et al.,* | * |
| Defendants | * |
| * * * * * * * * | Civil Action No.: 1:21-cv-00112-CCB |
| JUST ON TIME FREIGHT SYSTEM, INC. | * |
| Cross-Plaintiff/Defendant | * |
| v. | * |
| GREYHOUND LINES, INC. | * |
| Cross-Defendant/Defendant | * |

* * * * * * * * * * * * *

### <ins>CROSS-DEFENDANT/DEFENDANT GREYHOUND LINES, INC.'S ANSWER AND GROUNDS OF DEFENSE TO CROSS-PLAINTIFF/DEFENDANT JUST ON TIME FREIGHT SYSTEM, INC'S CROSS-CLAIM</ins>

Cross-Defendant/Defendant, Greyhound Lines, Inc. (hereinafter "Cross-Defendant" or Greyhound") by and through its undersigned attorneys, Andrew T. Stephenson, Scarlett M. Corso and Franklin & Prokopik, P.C. and in response to the Cross-Claim filed by Cross-Plaintiff/Defendant, Just On Time Freight System, Inc. (hereinafter "Cross-Plaintiff or "Just On Time") hereby states as follows:

### <ins>ANSWER TO CROSS-CLAIM</ins>

In response to the numbered Paragraphs presented in the Cross-Claim, Greyhound states as follows:

1. The allegations in Paragraph 1 concern Plaintiff's allegations in her Complaint and are not directed toward Greyhound and no response is necessary. To the extent a response is deemed necessary, admitted.

2. The allegations in Paragraph 2 concern Plaintiff's allegations in her Complaint and are not directed toward Greyhound and no response is necessary. To the extent a response is deemed necessary, Greyhound denies the allegations contained in Paragraph 2 of the Cross-Claim.

3. The allegations in Paragraph 3 concern Plaintiff's allegations in her Complaint and are not directed toward Greyhound and no response is necessary. To the extent a response is deemed necessary, Greyhound denies the allegations contained in Paragraph 3 of the Cross-Claim.

4. In response to Paragraph 4 of the Cross-Claim, Greyhound incorporates the above Paragraphs 1 through 3 as if fully set forth herein.

5. Greyhound denies the allegations in Paragraph 5 and demands strict proof thereof.

6. Greyhound denies the allegations in Paragraph 6 and demands strict proof thereof.

7. Greyhound denies the allegations in Paragraph 7 and demands strict proof thereof.

8. The allegations set forth in Paragraph 8 are Cross-Plaintiff's prayer for relief and/or explanatory statements of the pleader and therefore require no response. If a response is required, Greyhound denies the allegations as phrased and demands strict proof thereof.

9. In response to Paragraph 9 of the Cross-Claim, Greyhound incorporates the above Paragraphs 1 through 8 as if fully set forth herein.

10. Greyhound denies the allegations in Paragraph 10 and demands strict proof thereof.

11. The allegations set forth in Paragraph 11 are Cross-Plaintiff's prayer for relief and/or explanatory statements of the pleader and therefore require no response. If a response is required, Greyhound denies the allegations as phrased and demands strict proof thereof.

The allegations set forth in the last corresponding paragraph are Cross-Plaintiff's prayer

for relief and/or explanatory statements of the pleader and therefore require no response. If a response is required, Greyhound denies the allegations as phrased and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

All allegations contained in the Cross-Claim that were not expressly admitted are hereby denied. Moreover, Greyhound, by and through its undersigned counsel, assert the following affirmative defenses to Just On Time's Cross-Claim:

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claim fails to state a viable claim for equitable indemnification.

### THIRD AFFIRMATIVE DEFENSE

Greyhound is not liable for contribution because it did not breach any duty to Plaintiff that was an actual and proximate cause of Plaintiff's alleged injuries.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused solely by the acts or omissions of other individuals or entitles not under the supervision or control of Greyhound.

### FIFTH AFFIRMATIVE DEFENSE

That Cross-Plaintiff's claims may be barred by the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

That Cross-Plaintiff's claims may be barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

That Cross-Plaintiff's claimed may be barred by the doctrines of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

That the damages allegedly sustained by Cross-Plaintiff may have been the result of acts or omissions of independent actors and/or party or parties over whom Greyhound had no control.

### NINTH AFFIRMATIVE DEFENSE

That the claims asserted in the Cross-Claim may be barred by supervening or intervening causes, acts, or omissions, and/or negligence of others, for which Greyhound must not be liable.

### TENTH AFFIRMATIVE DEFENSE

That Greyhound was confronted with an emergency situation and acted reasonably under the circumstances, which acts as a bar to the claims of Cross-Plaintiff in its Cross-Claim.

### ELEVENTH AFFIRMATIVE DEFENSE

Greyhound reserves the right to rely on any other defenses which may be revealed through discovery or at trial.

### TWELFTH AFFIRMATIVE DEFENSE

Greyhound denies its actions and/or omissions were the direct result and/or proximate cause of the Plaintiff's alleged in the Cross-Claim.

### THIRTEENTH AFFIRMATIVE DEFENSE

Greyhound denies that Cross-Plaintiff is entitled to indemnification and/or contribution from Greyhound as alleged in the Cross-Claim.

**WHEREFORE,** having fully responded to the Cross-Claim, Greyhound prays that this Court will enter judgment in its favor, together with fees and costs and such further relief as may be deemed just and proper by this Court.

Respectfully submitted,

_____/s/_____
Andrew T. Stephenson, Esq. (#0006210412)
Scarlett M. Corso, Esq. (#1012140162)
FRANKLIN & PROKOPIK, P.C.
The B & O Building

        Two North Charles Street, Suite 600
        Baltimore, MD 21201
        410-752-8700 (Telephone)
        410-752-6868 (Facsimile)
        astephenson@fandpnet.com
        scorso@fandpnet.com
        *Attorneys for Defendant, Greyhound Lines, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of March 2021 a copy of the foregoing Answer and Affirmative Defenses to Just On Time Freight System, Inc.'s Cross-Claim was sent via the Court's electronic service system on the following:

Matthew M. Davey, Esq.
Kiernan Trebach LLP
1233 20th Street NW, 8th Floor
Washington, D.C.  20036
mdavey@kiernantrebach.com
*Attorneys for Defendant Just On Time Freight System, Inc.*

Alan J. Mensh, Esq.
120 East Baltimore Street, Suite 1802
Baltimore, MD 21202
(410) 385-3280
(410) 547-1261 (fax)
amensh@ashcraftlaw.com
*Attorney for Plaintiff*

Marc S. Albert, Esq.
Law Offices of Marc S. Albert
32-72 Steinway Street
Astoria, New York 11103
malbert@msainjurylaw.com
*Attorney for Plaintiff*

                                                          ____/s/_____
                                                          Scarlett M. Corso, Esq.